1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  Francisco Valenzuela,              )        No. CV 05-2894-PHX-DGC(CRP)
                                      )
10        Plaintiff,                  )        **REPORT AND RECOMMENDATION**
                                      )
11  vs.                              )
                                      )
12                                    )
    Joseph Arpaio,                    )
13                                    )
          Defendant.                  )
14                                    )
   _____)

15

16

17        On September 21, 2005, Plaintiff, who was at that time incarcerated at the Durango

18  Street Jail in Phoenix, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.

19  (Docket 1).  On September 21, 2005, Plaintiff filed a Motion to proceed *In Forma Pauperis*.

20  (*Id.*).  On January 30, 2006 the Court issued an order granting Plaintiff's Motion to proceed

21  *In Forma Pauperis*. (Docket 4).

22  **RETURNED MAIL**

23        On January 30, 2006, the Court entered an order directing the Clerk of the Court to

24  mail a service packet to Plaintiff, due for return to the Court on February 21, 2006. (Docket

25  4).  The docket indicates that the Clerk of the Court mailed service packets on January 30,

26  2006. On February 6, 2006, the mail was returned to the Clerk of the Court with notations

27  "Unable to Forward," and "Return to Sender." (Docket 5).  Since then, Plaintiff has failed to

28

1   file a Notice of Change of Address, or in any way notify the Court of his whereabouts.  The

2   docket indicates that no other address was found to forward the mail to. (*Id.*).

3       Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District

4   of Arizona, requires that an incarcerated litigant comply with the instructions attached to the

5   Court-approved Complaint form.  Those instructions state: "You must immediately notify

6   the clerk...in writing of any change in your mailing address.  Failure to notify the court of any

7   change in your mailing address may result in dismissal of your case." (Information and

8   Instructions for a Prisoner Filing Civil Rights Complaint at 2).

9       Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply

10  with the following rules will result in your document being STRUCK and/or your case being

11  DISMISSED." (Docket 2).  One of the rules listed was that "[y]ou must file a Notice of

12  Change of Address if your address changes." (*Id.*).

13  **FAILURE TO PROSECUTE**

14      Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*

15  *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978).  In this regard, it is the

16  duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her

17  current address and to comply with the Court's orders in a timely fashion.  This Court does

18  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears

19  the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*

20  *King*, 856 F.2d 1439, 1441 (9th Cir.1988).  Plaintiff's failure to keep the Court informed of

21  his new address constitutes failure to prosecute.

22      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

23  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

24  move for dismissal of an action."  The U.S. Supreme Court has recognized that a federal

25  district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute,

26  even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to

27  require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).

28

1   Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to

2   prosecute even without notice or hearing. *Id.* at 633.

3          In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,

4   the Court must weigh the following five factors: "(1) the public's interest in expeditious

5   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

6   the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

7   availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*,

8   779 F.2d 1421, 1423 (9th Cir.1986).  "The first two of these factors favor the imposition of

9   sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus

10  the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910

11  F.2d 652, 656 (9th Cir.1990).

12         Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

13  to keep the Court informed of his address or to actively participate in this case prevents the

14  case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against

15  dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative

16  is available.  Without Plaintiff's current address, however, certain alternatives are bound to

17  be futile.  In the instant case, as in *Carey*, "[a]n order to show cause why dismissal...[is] not

18  warranted or an order imposing sanctions would only find itself taking a round trip tour

19  through the United States mail." 856 F.2d at 1441.

20         Only one less drastic sanction is realistically available.  Rule 41(b) provides that a

21  dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the

22  court in its order for dismissal otherwise specifies."  In the instant case, a dismissal with

23  prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed

24  without prejudice pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

25  . . . . . . . . . . .

26  . . . . . . . . . . .

27  . . . . . . . . . . .

28

1 | **RECOMMENDATION**

2 |        For the foregoing reasons, the Magistrate Judge recommends that the District Court

3 | Judge dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of

4 | Procedure for failure to prosecute.

5 |        Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within

6 | 10 days after being served with a copy of this Report and Recommendation.  If objections

7 | are filed, the parties should use the following case number: **CV 05-2894-PHX-DGC.**

8 |        If objections are not timely filed, then the parties' right to *de novo* review by the

9 | District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

10 | 1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).

11 |        DATED this 10th day of May, 2006.

12 |

13 |

14 | **CHARLES R. PYLE**

15 | **UNITED STATES MAGISTRATE JUDGE**

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |